UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARK ROCCAFORTE and NADINE                    CIVIL ACTION
ROCCAFORTE


VERSUS                                         NO:17-10589


NATIONAL FLOOD INSURANCE
PROGRAM, ET AL                                 SECTION: "A" (1)


**ORDER AND REASONS**

Before the Court is a **Motion to Dismiss (Rec. Doc. 16)** filed by Defendants the National

Flood Insurance Program, W. Brock Long, in his official capacity as the Administrator of the Federal

Emergency Management Agency, and Kirstjen Nielsen, in her official capacity as Secretary of the

U.S. Department of Homeland Security (hereinafter collectively referred to as "Defendants").

Plaintiffs Mark Roccaforte and Nadine Roccaforte (hereinafter collectively referred to as "Plaintiffs")

oppose the motion (Rec. Doc. 17) and Defendants have replied (Rec. Doc. 25). The Motion, set for

submission on September 19, 2018, is before the Court on the briefs without oral argument.[1] Having

considered the motion and memoranda of counsel, the record, and the applicable law, the Court finds

that Defendants' **Motion to Dismiss (Rec. Doc. 16)** is **DENIED** for the reasons set forth below.

Plaintiffs own property located at 44064 Highway 445, Robert LA 70455. (Rec. Doc. 1,

Complaint ¶ 11).  In mid-August, 2016, Plaintiffs' property sustained flood damage. (*Id.* ¶ 11). Prior

to and on the date of the loss, Plaintiffs' property was covered by a Standard Flood Insurance Policy

("SFIP") issued by the National Flood Insurance Program ("NFIP") operated by the Federal

Emergency Management Agency ("FEMA"). (Rec. Doc. 16-1, p. 2). After the flood, Plaintiffs

submitted two Proofs of Loss to FEMA which FEMA adjusted, approved, and paid in full. (*Id.*).

---

1 The Court notes that Plaintiffs requested oral argument. The Court does not deem oral argument necessary.

Unsatisfied with the payments provided by FEMA, Plaintiffs retained an independent expert who evaluated the damage of the property resulting in losses totaling a sum greater than what was found by the FEMA adjuster. (Rec. Doc. 1, Complaint ¶ 22). Plaintiffs allege that a third Proof of Loss was submitted on September 18, 2017. (Rec. Doc. 25-1, pp. 1-2). Defendants' failure to respond to the Proof of Loss and Plaintiffs' subsequent demand letter led to Plaintiffs filing this case. Plaintiffs allege a breach of contract pursuant to the flood insurance regulations issued by FEMA and the National Flood Insurance Act 42 U.S.C. § 4001 *et seq*. (Rec. Doc. 17-1, p. 2; Rec Doc. 1, Complaint ¶ 1). In the instant matter, Defendants move this Court to dismiss the case for lack of subject matter jurisdiction, or alternatively, for Plaintiffs' failure to state a claim upon which relief can be granted. (Rec. Doc. 16).

Contrary to Defendants' assertion in the Motion to Dismiss (Rec. Doc. 16), Plaintiffs argue that they submitted a third Proof of Loss on September 18, 2017. (Rec. Doc. 17, p. 5). Plaintiffs attached to the opposition a copy of the Proof of Loss dated September 18, 2017, Plaintiffs' counsel's demand letter, and an affidavit from the paralegal who submitted the Proof of Loss to FEMA. (Rec. Doc. 17-2, 17-3, 17-8). Plaintiffs' case rests on the filing of this third Proof of Loss and the demand letter as these documents demonstrate Plaintiffs' refusal to accept the amount previously approved and paid by FEMA's Administrator. (*Id.*).

Counsel for Defendants sought clarification from FEMA on this issue; however, FEMA was inundated with providing aid due to Hurricane Florence. (Rec. Doc. 25, p.2). Defendants' counsel has since been unable to obtain a declaration from FEMA regarding the third Proof of Loss, but upon receipt, FEMA will seek leave to supplement the record. (*Id.*). At this time, FEMA cannot contest a third Proof of Loss was submitted.

A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. US Unwired, Inc.,* 565 F.3d 228, 239 (5th Cir. 2009). But the

Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556

U.S. at 678. In considering the well-pleaded facts as true, the issue of a third Proof of Loss is

such that the Court holds that the **Motion to Dismiss (Rec. Doc. 16)** is **DENIED** without prejudice.

Accordingly;

IT IS ORDERED that Defendant's **Motion to Dismiss (Rec. Doc. 16)** is **DENIED** without

prejudice.

New Orleans, Louisiana, this 29th day of October, 2018

JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE